*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. LITTLE, Minor.

UNPUBLISHED
October 10, 2019

No. 348534
Wayne Circuit Court
Family Division
LC No. 14-516579-NA

Before: RIORDAN, P.J., and K.F. KELLY and CAMERON, JJ.

PER CURIAM.

Respondent[1] appeals as of right the order terminating her parental rights to her minor child, AL, under MCL 712A.19b(3)(b)(*i*) (physical injury of child), (g) (failure to provide proper care and custody), (i) (parental rights to other siblings terminated because of neglect or abuse), and (j) (reasonable likelihood that child will be harmed if returned to parent). We affirm.

## I. FACTUAL BACKGROUND

AL tested positive for morphine and methadone at birth, and she was treated for withdrawal symptoms. Respondent, AL's mother, also tested positive for opiates and methadone when AL was born. Child Protective Services (CPS) filed a welfare report with petitioner, the Department of Health and Human Services (DHHS), which sought temporary custody of AL. Respondent and AL's father had eight children together before AL was born, and by the time the termination proceedings regarding AL concluded, respondent and AL's father had their parental rights terminated to seven of their children. Respondent's and AL's father also had a son who was placed in foster care and eventually aged out of the foster care system when he reached 18 years of age. In AL's case, the trial court found that sufficient evidence was presented to support

---

[1] AL's father was named as a respondent in this appeal. However, AL's father did not appear at any of the hearings in the termination proceedings, was not represented by counsel in the trial court, and is not participating in this appeal. Accordingly, any references to "respondent" refer only to respondent-mother, unless otherwise stated.

the termination of respondent's and AL's father's parental rights under MCL 712A.19b(3)(a)(*i*), (b)(*i*), (g), (i), (j), and (k)(*i*), and that doing so was in AL's best interests.

## II. STATUTORY BASES

Respondent argues the lack of statutory grounds to support the termination of her parental rights under MCL 712A.19b(3)(a)(*i*), (b)(*i*), (g), (i), and (j). We disagree.

"This Court reviews for clear error the trial court's ruling that a statutory ground for termination has been established . . . ." *In re Schadler*, 315 Mich App 406, 408; 890 NW2d 676 (2016). Statutory grounds for termination must be established by clear and convincing evidence. *Id*. A factual finding is clearly erroneous "if, although there is evidence to support it, [this Court is] left with a definite and firm conviction that a mistake has been made." *Id*.

## I. MCL 712A.19b(3)(a)(*i*)

Respondent argues that the statutory grounds to terminate her parental rights under MCL 712A.19b(3)(a)(*i*) did not exist because she did not abandon AL. MCL 712A.19b(3)(a)(*i*) provides:

(3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence . . .

\* \* \*

(a) The child has been deserted under . . . the following circumstance:

(*i*) The child's parent is unidentifiable, has deserted the child for 28 or more days, and has not sought custody of the child during that period. For the purposes of this section, a parent is unidentifiable if the parent's identity cannot be ascertained after reasonable efforts have been made to locate and identify the parent.

Respondent did not abandon AL for any period of time following her birth. However, AL's father abandoned her because reasonable efforts were made to locate him and he did not seek custody of AL for more than 28 days. Indeed, the trial court stated:

It's a fairly straightforward set of circumstances as it relates to [AL's father] through the testimony. [AL's father] has not appeared, has never provided any care or support for the [c]hild. He has not visited with the [c]hild, he has effectively abandoned the [c]hild since the [c]hild was born.

At no point during the proceedings did the trial court discuss whether respondent abandoned AL, nor did it make any findings on the matter. Respondent cannot now argue that the trial court erred by finding statutory grounds for termination of her parental rights under subsection (a)(*i*) because these were the statutory grounds for terminating AL's father's parental rights, not her parental rights. Instead, the trial court properly found that the statutory grounds for terminating respondent's parental rights existed under (b)(*i*) (physical injury of child), (g) (failure to provide proper care and custody), (i) (parental rights to other siblings terminated

because of neglect or abuse), and (j) (reasonable likelihood that child will be harmed if returned to parent) as discussed below. [2]

## II. MCL 712A.19b(3)(b)(*i*)

Respondent argues that evidence was not presented to support the termination of her parental rights under MCL 712A.19b(3)(b)(*i*) because petitioner failed to present evidence that respondent did not have prescriptions for methadone and morphine. MCL 712A.19b(3)(b)(*i*) states:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence . . .

> * * *

> (b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:

> (*i*) The parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.

Respondent contended that she had a prescription for methadone and was given morphine during a hospital visit, despite the fact that she was pregnant. No evidence was presented to support the contention that respondent obtained a prescription for methadone or morphine or received the drugs while under the care of a doctor during her pregnancy. The evidence presented to the trial court only showed that AL was born addicted to methadone and morphine and suffered lasting health complications as a result. This was the result of respondent's drug use while pregnant and it constituted physical abuse. MCL 712A.19b(3)(b)(*i*).

MCL 712A.19b(3)(b)(*i*) also concerns the parent's physical abuse of a sibling. The trial court was presented with evidence that AL's siblings, LL and IL, were born addicted to methadone and morphine in 2016. "Evidence of how a parent treats one child is evidence of how he or she may treat the other children." *In re Hudson*, 294 Mich App 261, 266; 817 NW2d 115 (2011). In light of this evidence, the trial court did not err by finding that statutory grounds existed for terminating respondent's parental rights under MCL 712A.19b(3)(b)(*i*).

## III. MCL 712A.19b(3)(g)

---

[2] Additionally, we note that "[o]nly one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights, even if the court erroneously found sufficient evidence under other statutory grounds." *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011).

Respondent argues that grounds for termination of her parental rights under MCL 712A.19b(3)(g) did not exist because respondent made an effort to plan for AL by obtaining housing, employment, and managing her substance abuse and mental health issues. MCL 712A.19b(3)(g) provides:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence . . .
>
> * * *
>
> (g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.[3]

Although respondent may have obtained employment and housing, no evidence was presented to show that respondent's housing was suitable for children or that she would be able to provide proper care and custody for AL while maintaining a full-time job. Additionally, the trial court considered respondent's history of substance abuse and observed that AL was born addicted to drugs, and that respondent's rights to seven of AL's siblings were previously terminated. Moreover, respondent's strides toward becoming a stable and sober parent were relatively recent, and under the circumstances, respondent's prospects maintaining employment, housing, and sobriety were uncertain. Accordingly, the trial court did not err by finding that clear and convincing evidence was presented to support the termination of respondent's parental rights under MCL 712A.19b(3)(g).

## IV. MCL 712A.19b(3)(i)

Respondent argues that sufficient evidence was not presented to support the termination of her parental rights under MCL 712A.19b(3)(i) because the trial court failed to determine whether she made steps toward rehabilitation in her previous termination cases and failed to consider that she made positive strides toward being a successful and stable parent for AL. MCL 712A.19b(3)(i) provides:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence . . .
>
> * * *

---

[3] MCL 712A.19b(3)(g) was amended, effective June 12, 2018. See 2018 PA 58. Under the previous version of the statute, a court could terminate parental rights if "[t]he parent, without regard to intent, fails to provide proper care or custody for the child . . . ." See *In re White*, 303 Mich App 701, 710; 846 NW2d 61 (2014) (quoting the previous version of MCL 712A.19b(3)(g)). AL was brought into petitioner's custody before the new version of MCL 712A.19b(3)(g) was enacted, but the trial court considered the amended version of the statute.

(i) Parental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and the parent has failed to rectify the conditions that led to the prior termination of parental rights.[4]

The trial court based its conclusion on the fact that respondent's parental rights to seven of AL's siblings were previously terminated, primarily because of physical neglect and substance abuse. Her parental rights to LL and IL, who also were born addicted to methadone and morphine, were terminated after she failed to adhere to the parent-agency agreement (PAA) in that case, which required her to participate in substance abuse rehabilitation and drug screenings. She failed to benefit from substance abuse treatment services in past termination cases, and continued to use drugs during the termination proceedings. In short, she failed to resolve her issues with substance abuse, which led to the termination of her parental rights to seven of AL's siblings, and ultimately, to the termination of her parental rights to AL. The trial court did not clearly err by finding that clear and convincing evidence supported the termination of respondent's parental rights under MCL 712A.19b(3)(i).

## V. MCL 712A.19b(3)(j)

Respondent argues that the evidence did not support the termination of her parental rights under MCL 712A.19b(3)(j) because she made an effort to prove that she could properly and responsibly parent AL. MCL 712A.19b(3)(j) states:

(3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence . . .

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

Contrary to respondent's argument, the evidence established that she had a history of substance abuse that was not rectified by the time AL was born. As previously discussed, AL was born addicted to methadone and morphine, and as recently as February 2018, respondent was on probation for drug and theft convictions. Although respondent allegedly obtained housing and employment during the termination proceedings, no evidence was presented to show that she was receiving pay stubs from a job or that her home was a suitable environment for AL.

---

[4] MCL 712A.19b(3)(i) was amended, effective June 12, 2018. See 2018 PA 58. Under the previous version of the statute, a court could terminate parental rights if "prior attempts to rehabilitate the parents have been unsuccessful." See *In re Medina*, 317 Mich App 219, 221; 894 NW2d 653 (2016) (quoting the previous version of MCL 712A.19b(3)(i)). AL was brought into petitioner's custody before the new version of MCL 712A.19b(3)(i) was enacted, but the trial court utilized the newly amended version of the statute when determining whether statutory grounds existed to support the termination of respondent's parental rights.`

Respondent did not have a history of stable or suitable housing before the termination proceedings were initiated, and it appeared unlikely that she would maintain housing suitable for AL in the future. Given respondent's history of substance abuse, criminal activity, and failure to show that she could provide a safe and secure living environment for AL, it is unlikely that respondent would be able to properly care for AL within a reasonable amount of time. Accordingly, the trial court did not err by finding that evidence was presented to support the termination of respondent's parental rights under MCL 712A.19b(3)(j).

## III. BEST INTERESTS

Respondent argues that the trial court erred by finding that terminating her parental rights was in AL's best interests because she presented evidence of improvement with regard to her ability to provide for AL, and because petitioner never requested that she present documentation proving that she obtained housing, employment, or prescriptions for narcotic drugs. We disagree.

Termination of parental rights must be ordered if the trial court finds that a statutory basis for termination has been established by clear and convincing evidence, "and that it has been proved by a preponderance of the evidence that termination of parental rights is in the best interests of a child . . . ." *In re Schadler*, 315 Mich App at 408. "[This Court] review[s] for clear error the trial court's determination regarding the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). "A finding is clearly erroneous if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *In re Schadler*, 315 Mich App at 409 (internal quotation marks and citation omitted).

The trial court may consider a number of factors when determining whether the termination of a respondent's parental rights is in the child's best interests. These factors include:

> [T]he child's bond to the parent, the parents' parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider . . . the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's wellbeing while in care, and the possibility of adoption. [*In re White*, 303 Mich App at 713-714, quoting *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012).]

The trial court's analysis focused primarily on the lack of a bond between respondent and AL, and her failure to attend parenting time and her inability to parent a special needs child. The trial court observed that she did not make a consistent effort to attend parenting time or establish a bond with AL, and that AL "appeared to be not engaged." The trial court opined that she would not be able to manage AL's special needs without first taking the steps to establish a bond with her. The trial court commended respondent for finding employment, but noted that there was no concrete plan in place for AL's care during respondent's work hours, and that she provided no proof of employment, income, or stable housing.

The record supports the trial court's findings. When the best-interest hearing took place, AL had recently been diagnosed with special needs, requiring specialized care. Respondent only appeared for two parenting time sessions, and asserted she was unaware of the fact that AL had ongoing health problems. She attested that she frequently missed parenting time sessions because of conflicts with her work schedule, and stated that she was working 12-hour days. When asked about a plan for AL's care, she stated that she would place AL in daycare on workdays. She said that she had housing and employment, but provided no proof of employment, pay stubs, or proof of housing during the termination proceedings. Accordingly, the trial court did not err by finding that termination of respondent's parental rights was in AL's best interests.

Respondent argues that the trial court erred by taking into account the fact that she did not provide documentary proof of employment or suitable housing, and contends that she was never asked to provide such proof. With regard to documentation, the trial court stated:

> The reality is, if we had some of this documentation or if it had been provided to the department with any sort of regularity regarding housing, regarding income, regarding employment, perhaps we don't find ourselves in this situation here today. But I have to make a finding based upon the evidence that has been presented.

Respondent's argument suggests that the trial court attempted to punish her for failing to introduce documentary evidence that she was not expressly asked to give to a foster care worker. Neither party had a specific burden to present evidence regarding AL's best interests. See *In re Trejo*, 462 Mich 341, 353; 612 NW2d 407 (2000) ("[T]he court may consider evidence introduced by any party when determining whether termination is clearly not in a child's best interests."). The trial court did not expressly hold respondent accountable for the failure to provide documentation, but merely emphasized that it could use any evidence presented on the record when making a best-interest determination, and posited that respondent's position may have been strengthened if she had introduced documentary evidence regarding her housing and employment. Respondent's argument does not negate the overall conclusion that the trial court's ruling regarding AL's best interests was supported by record evidence. Accordingly, the trial court did not err by finding that the termination of respondent's parental rights was in AL's best interests.

IV. CONCLUSION

Affirmed.

/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly
/s/ Thomas C. Cameron